UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DANIEL HUBERT TAYLOR and | ) | |
| CAROLYN SUE TAYLOR | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-29 |
| | ) | |
| JOHNSON COUNTY, TENNESSEE; | ) | |
| MICHAEL REESE, SHERIFF; | ) | |
| EDWARD TAYLOR; RAY LUNSFORD and | ) | |
| GLEN ARNEY, | ) | |
|     Defendants. | | |
| | | |
| DANIEL HUBERT TAYLOR and | ) | |
| CAROLYN SUE TAYLOR; | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-162 |
| | ) | |
| AMY DUNN, L.P.N.; | ) | |
| BARBARA HATHAWAY, A.P.N.; | ) | |
| JOHNSON COUNTY, TENNESSEE; | ) | |
| MICHAEL REESE, SHERIFF; and | ) | |
| CHEROKEE PARK YOUTH CENTER; | ) | |
|     Defendants. | | |

## MEMORANDUM OPINION

These complaints, alleging violation of 42 U.S.C. § 1983 and Tennessee state law, are before the Court on the motion of all defendants for partial dismissal in No. 2:11-CV-29, [Doc. 8], and the motions of Amy Dunn, Sheriff Michael Reese and Johnson County and defendant Barbara Hathaway to dismiss in No. 2:11-CV-162, [Docs. 6,10]. Plaintiffs have responded to the motions, [Doc. 14 in No. 2:11-CV-29 and Doc. 17 in No. 2:11-CV-162]. Reply briefs have been filed in No. 2:11-CV-162, [Docs. 18, 21].

### I. The Parties and Plaintiffs' Factual Allegations

The plaintiffs are residents of Carter County, Tennessee. Johnson County is a governmental entity organized under the laws of the State of Tennessee. Michael Reese ("Sheriff Reese") is the duly

elected sheriff of Johnson County and is sued in his official capacity. Edward Taylor, Ray Lunsford and Glen Arney are employees of Johnson Couty and are sued in their individual and official capacities. Defendants Barbara Hathaway, A.P.N. ("Hathaway") and Amy Dunn, L.P.N. ("Dunn") are employees of Johnson County and medical officers at the Johnson County Detention Center ( "Detention Center"). Hathaway and Dunn are sued in their individual and official capacities.[1] Claims are apparently made against all defendants under 42 U.S.C. § 1983. The Taylors make state law claims for common law negligence, medical negligence, and intentional infliction of emotional distress (wrongly denominated as outrageous conduct by plaintiffs)[2] against all defendants. Both lawsuits arise from the same operative facts. The following facts, taken from the complaints, are accepted as true for the purposes of the pending motions.

Daniel Taylor ("Taylor") was in custody at the Johnson County Detention Center from February 2, 2010, until February 13, 2010. At the time he entered the detention center, he was suffering from a series of serious medical conditions, including high blood pressure. Employees at the detention center were made aware of these medical conditions and Taylor's need for medication for high blood pressure. Taylor's wife, the plaintiff, Carolyn Sue Taylor, delivered Taylor's medications to the detention center on the second or third day of his confinement. A "medical person" at the detention center checked Taylor's blood pressure and found it to be at a critical level (exceptionally high). Defendant Hathaway,

---

[1] Cherokee Park Youth Center, the final defendant named, is engaged in providing health care through its professional staff and was hired to provide medical services to inmates at Johnson County Detention Center. Plaintiffs' claim against Cherokee Park Youth Center was previously voluntarily dismissed by plaintiffs pursuant to Federal Rule of Criminal Procedure 41(a)(1)(A)(ii), [Doc. 12 in No. 2:11-CV-162].

[2] The Tennessee Supreme Court recently clarified that the term "outrageous conduct" has become a shorthand substitute for the tort of intentional infliction of emotional distress but is in reality simply an element of the tort of intentional infliction of emotional distress. *Rogers v. Louisville Land Company*, 367 S.W.3d 196, 204 (Tenn. 2012). "Intentional infliction of emotional distress and outrageous conduct are different names for the same cause of action–not two separate torts." *Id.* The Supreme Court has cautioned that lawyers and litigants "should no longer refer to outrageous conduct as a separate, independent cause of action, nor as a synonym for the tort of intentional infliction of emotional distress." *Id.* (internal quotation marks omitted).

2

the Chief Medical Officer, was made aware of the blood pressure results and commented "You (Taylor) do not need to be here!"

Taylor's high blood pressure was not treated although he asked for assistance from "time-to-time." He remained in the detention center, sleeping on the floor, where he became "essentially comatose" three or four days later. On February 13, 2010, due to his medical condition, Taylor was released from the jail by a state court judge. Taylor's medical condition was discovered by the jailers who came to release him. Although Taylor's "critical life threatening" condition was readily apparent, the jailers "pushed him outside into the cold without his shoes."

Taylor was taken to a relative's house where he was met by his wife, who immediately called 911. He was admitted to the intensive care unit with a diagnosis of acute renal failure, among other things, and advised that he had suffered a cerebral hemorrhage. After four days of hospitalization,[3] he was released to home where he was confined for a lengthy period of time. As a result of defendant's "deliberate indifference," Taylor has become totally disabled. On January 26, 2011, plaintiffs "notice of potential claim" pursuant to Tennessee Code Annotated § 29-26-121(a) was delivered to defendants Hathaway and Dunn.

## II. Procedural Background

In their complaint in No. 2:11-CV-29, filed February 3, 2011, the plaintiffs sue, pursuant to 42 U.S.C. § 1983, for violations of their rights under the "Fifth, Eighth and Fourteenth Amendments to the United States Constitution." More specifically, they claim that defendants were "deliberately indifferent" to Daniel Taylor's medical needs and deprived him "of his right to Due Process of law and constituted cruel and inhuman punishment, and deprived him of his right to have reasonable medical care and safeguards while in custody . . ." They assert state law claims for "common law negligence," "medical

---

[3] The complaint in No. 2:11-CV-162 says Taylor was hospitalized for two days, not four.

3

negligence," and "intentional torts."

In their complaint in No. 2:11-CV-162, filed June 6, 2011, plaintiffs purport to bring claims against Dunn and Hathaway, who were not named as defendants in the complaint in No. 2:11-CV-29, pursuant to § 1983 for violation of their rights under the "Fourth, Fifth and Fourteenth Amendments to the United States Constitution." The only reference to § 1983, however, is in the "Introduction" to the complaint; under "Causes Of Action," the complaint sets out three causes of action identified by the plaintiffs as (1) common law negligence, (2) medical negligence, and (3) intentional torts, but none under § 1983. On June 7, 2011, plaintiffs filed an "Amended Complaint" which appears to be identical to the June 6 complaint except for the addition of Johnson County, Tennessee, Michael Reese, Sheriff, and Cherokee Park Youth Center as defendants.

After the filing of the motions to dismiss in No. 2:11-CV-162, [Docs. 6, 10], plaintiffs filed a motion to "withdraw" their amended complaint stating in their motion that there was "no need for the Amended Complaint" since its allegations had previously been made in the original Complaints filed in numbers 2:11-CV-29 and 2:11-CV-162, [Doc. 24]. Plaintiffs also moved to consolidate cases 2:11-CV-29 and 2:11-CV-162, [Doc. 22]. Defendants responded in opposition to the motions to withdraw the amended complaint and to consolidate the cases, [Docs. 28, 29, 30], and on October 31, 2011, the Magistrate Judge denied both motions, [Docs. 31, 32].

### III. Legal Standard

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light

4

most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

However, the plaintiffs must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### IV. Analysis

#### A. Motion For Partial Dismissal (No. 2:11-CV-29)

In this motion, defendants seek dismissal of all claims against Sheriff Reese in his official capacity, all claims against Johnson County based on intentional torts, and all state law claims, whether referred to by plaintiffs in their complaint as ordinary negligence or medical negligence, relating to failure to provide reasonable medical treatment. The Court will deal with each of these claims in turn.

##### 1. Claims Against Sheriff Reese

Sheriff Reese is sued in his official capacity as sheriff of Johnson County. Official-

5

capacity suits are treated as suits against the governmental entity. Thus, an official-capacity suit against Sheriff Reese is a suit against Johnson County. *Kentucky v. Graham*, 473 U.S. 159 (1985). Official capacity suits should be dismissed where the same claims are also brought against the county. *Jackson v. Shelby County Gov't*, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008). Sheriff Reese argues that the official capacity claims against him should, therefore, be dismissed because the same claims are made against Johnson County and are redundant.

Plaintiffs do not dispute this and state that they "have no objection to the dismissal of the claims against Sheriff Reese, so long as the TGTLA (Tennessee Governmental Tort Liability Act) claim and the civil rights claim against Johnson County remain." The official-capacity claims against Sheriff Reese will, therefore, be DISMISSED.

### 2. Claim Against Johnson County For Intentional Tort

Johnson County argues that it is immune from any state tort claim based on intentional conduct. Plaintiffs concede that their tort claim based on "the intentional tort of outrageous conduct" should be dismissed. This claim against Johnson County will, therefore, be DISMISSED.

### 3. The Negligence Claims

In their complaint, plaintiffs labeled two of their state law claims as "common law negligence" and "medical negligence." With respect to the "common law negligence" claim, plaintiffs allege defendants breached "a duty to provide reasonable medical care to plaintiff Daniel Taylor." With respect to the claim for "medical negligence," plaintiffs allege that defendants breached "a duty to provide medical treatment and care related to the medical conditions which plaintiff Daniel Taylor had upon entering the custody of the Johnson County Detention Center, including his high blood pressure." Defendants argue, in essence, that the claims, although stated separately, both refer to the failure of defendants to provide reasonable medical care to plaintiff Daniel Taylor.

6

Defendants then argue that plaintiffs' complaint should be dismissed for failure to comply with Tennessee Code Annotated §§ 29-26-121 and 122. Section 121(a) requires pre-suit notice to all intended defendants in a medical negligence suit at least sixty (60) days prior to the filing of the complaint. Section 121(b) requires a complaint alleging medical negligence to affirmatively state compliance on its face and to provide documentation of such compliance. Section 122 requires plaintiffs to file a certificate of good faith with the complaint and requires dismissal with prejudice, upon motion of defendant, for failure to comply. Plaintiffs admittedly did not comply with these requirements. They argue, however, that they were not required to do so because their claims sound in common law negligence and not medical malpractice.

Although plaintiffs' complaint is inartfully drafted[4] and asserts these causes of action in separate counts, one of which they label "medical negligence," it appears to the Court the plaintiffs assert only one cause of action for common law negligence against Johnson County as they now claim, rather than a claim for medical malpractice. The complaint does not allege an act or omission "involv[ing] a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons . . ." *See Peete v. Shelby County Health Care Corp.*, 938 S.W.2d 693, 696 (Tenn. Ct. App. 1996). Johnson County is not a physician subject to a "recognized standard of professional care in the speciality and locality in which the defendant practices," Tenn. Code Ann. § 29-26-115(a), and a physician-patient relationship is an essential element of a medical malpractice cause of action. *State of French v. Stratford House*, 333 S.W.3d 546 (Tenn. 2011). In short, plaintiffs claims of "common law negligence" and "medical negligence" state a ***single*** cause of action for negligence, not medical malpractice. As a result, the Court agrees that plaintiffs were not required to comply with §§ 29-26-121 and 122. The claim

---

[4] Plaintiffs' complaints in both case Nos. 2:11-CV-29 and 2:11-CV-162 are inartfully drafted and more closely resemble the work of pro se plaintiffs who typically file complaints in this Court rather than the work of experienced attorneys.

7

labeled by plaintiffs as "medical negligence" is therefore subsumed by the claim for "common law negligence" and the claim for medical negligence will be DISMISSED.

In sum, plaintiffs have stated causes of action in case No. 2:11-CV-29 under 42 U.S.C. § 1983 and for common law negligence against Johnson County. The claim for the tort of outrageous conduct against Johnson County and the official capacity claim against Sheriff Reese are DISMISSED.

**B.     Motion To Dismiss By Dunn, Sheriff Reese and Johnson County (No. 2:11-CV-162)**

**1.      Plaintiffs' Federal Cause of Action**

These defendants move to dismiss plaintiffs' federal claims under 42 U.S.C. § 1983 on the basis that these claims are barred by Tennessee's one-year statute of limitations. As an initial matter, it is not clear to the Court that plaintiffs have even asserted a § 1983 action in their complaint or amended complaint in No. 2:11-CV-162. As noted above, they state in the "Introduction" that "[t]his is a civil rights action for compensatory and punitive damages brought by Plaintiffs pursuant to 42 U.S.C. § 1983" but they do not refer to § 1983 under the section of their complaint labeled "IV.  Causes Of Action" where they only set out claims for common law negligence, medical negligence and intentional torts. To the extent, however, that plaintiffs raise proper federal claims under 42 U.S.C. § 1983, the Court agrees with the defendants that those claims must be dismissed, for one of two alternate reasons.

First, to the extent that the claims asserted in case No. 2:11-CV-162 are redundant of claims raised in case No. 2:11-CV-29, those claims will be dismissed for that reason. Furthermore, defendants are correct that any new § 1983 claims made in the complaint filed in No. 2:11-CV-162 appear to be barred by the applicable statute of limitations. Actions brought under 42 U.S.C. § 1983 are subject to the state statute of limitations governing actions for personal injury. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)). Since this case arose in Tennessee, the one-year statute of limitations of Tennessee Code Annotated § 28-3-104 is

applicable to this action. *Hughes v. Vanderbilt University*, 215 F.3d 543, 547 (6th Cir. 2000) (citing *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)). Federal law, however, controls the determination of when a civil rights action accrues. *See Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In *Sevier*, the Sixth Circuit concluded:

> The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.

*Id.* at 273 (citations omitted). In determining when the cause of action accrues, the test is an objective one and the Court looks "to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

Defendants argue that all of the events at issue in this case occurred in February, 2010, and that the cause of action for § 1983 purposes began no later than that date. Plaintiffs agree, [*See* Doc. 17, p. 2, (the applicable statute of limitations of this claim would then end on February 13, 2011.")]. Plaintiffs argue only that the § 1983 claims they made in their original suit, No. 2:11-CV-29, filed on February 3, 2011, are thus timely and within the applicable statute of limitations. Plaintiffs may be correct about that and the defendants have not raised a statute of limitations defense as to those claims.[5]

The situation with the defendants Dunn and Hathaway and any new § 1983 claims, i.e. made for the first time in the complaint in No. 2:11-CV-162, appears to be different, however. Again, it is unclear to the Court whether or not plaintiffs are actually asserting a § 1983 claim against Dunn and Hathaway

---

[5] As noted above, plaintiffs' complaints are very inartfully drafted. In the Introduction to their complaint in No. 2:11-CV-29, they refer to their § 1983 claims as being premised upon violations of the "Fourth, Fifth and Fourteenth Amendments to the United States Constitution." In the section of their complaint titled "Cause Of Action," they refer to their § 1983 claims as being premised on the "Fifth, Eighth and Fourteenth Amendments to the United States Constitution." Then, in their complaint in No. 2:11-CV-162, the again refer to the rights "Guaranteed Under the Fourth, Fifth and Fourteenth Amendments" in their introductory paragraph and they do not set out a specific § 1983 claim in that complaint. Thus, it is unclear to the Court just what the basis for plaintiff's § 1983 claims really are; however, that specific question is not now before the Court.

or any new § 1983 claims against other defendants. To the extent they are, those claims are time barred by the applicable statute of limitations. Plaintiffs agree that the statute of limitations under Tennessee Code Annotated § 28-3-104(a)(3) expired on February 13, 2011. Defendants Dunn and Hathaway were not named as defendants until the filing of the complaint in No. 2:11-CV-162 on June 6, 2011, well beyond the statute of limitations. Thus, any § 1983 claim asserted against Dunn and/or Hathaway, or any new § 1983 claims against any other defendant, is barred by the statute of limitations.

The bulk of plaintiffs' response with respect to Dunn and Hathaway has to do with the state medical malpractice claim also brought in No. 2:11-CV-162. Plaintiffs essentially argue that the applicable statute of limitations for that action was tolled for one hundred, twenty (120) days pursuant to Tennessee Code Annotated § 29-26-121(c), causing the statute of limitations to be extended to June 13, 2011. Since plaintiffs' suit was filed on June 6, 2011, plaintiffs argue that it is timely. By implication at least, plaintiffs appear to argue that Tennessee Code Annotated § 29-26-121(c) somehow also extends the statute of limitations for the filing of their § 1983 claims. They offer absolutely no authority for such a position and the Court has found none. It is quite clear that the statute of limitations for any § 1983 action expired in February, 2011 and, to the extent § 1983 claims are made against Dunn and Hathaway, they were not asserted until June 6, 2011, and are time barred, notwithstanding the provisions of Tennessee Code Annotated § 29-26-121(c).

Because any claims which arguably provide a basis for federal jurisdiction have been dismissed in case No. 2:11-CV-162, the Court must decide whether or not to exercise supplemental jurisdiction over any state law claims also asserted in that case. "Whether or not to dismiss a pendent state claim after all federal claims have been disposed of is a question generally left to the discretion of the district court." *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004 (6th Cir. 1987). Moreover, the Sixth Circuit has consistently expressed a strong policy in favor of dismissing such state law claims. *See Service, Hospital*

*Nursing Home & Public Employees Union, Local No. 47 v. Commercial Property Sevices, Inc.*, 755 F.2d 499 (6th Cir. 1985). After careful consideration, the Court concludes that dismissal of the remaining pendent state law claims in case No. 2:11-CV-162 is warranted in this case.

### V. Conclusion

For the reasons set forth herein, the motion to dismiss in case No. 2:11-CV-29 is GRANTED IN PART and DENIED IN PART. The motions to dismiss in case No. 2:11-CV-162 are GRANTED. In No. 2:11-CV-162, the claims asserted under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE, except to the extent those claims were timely raised in case No. 2:11-CV-29, and the plaintiffs' state law claims in No. 2:11-CV-162 are DISMISSED WITHOUT PREJUDICE.

Judgment will enter in case No. 2:11-CV-162.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
